IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JAMES LEE BALLARD,**

    **Plaintiff,**

v.                                                    Case No. 1:22-cv-103-AW-MAF

**CLOVIS WATSON, ALACHUA
COUNTY SHERIFF,**

    **Defendant.**

_____/

## ORDER OF DISMISSAL

James Lee Ballard is in state custody awaiting trial on child molestation charges. He has filed many federal lawsuits relating to his state case. *See, e.g.*, Case Nos. 1:22-cv-2; 1:22-cv-8; 1:22-cv-96; 1:22-cv-98; 1:22-cv-104; 1:22-cv-106; 1:22-cv-128; 4:22-cv-264; 4:22-cv-266; 4:22-cv-267. In this one, Ballard has sued Clovis Watson, Alachua County's Sheriff.[1] Ballard contends Watson "provided a false probable cause statement intentionally . . . with [the] intent to wrongfully prosecute this defendant." ECF No. 1 at 5. He also says Watson withheld exculpatory evidence. *Id.* at 6. He seeks $10 million. *Id.* at 7.

The magistrate judge, in a joint report and recommendation for this case and one other, recommends dismissal. ECF No. 5. I have considered de novo Ballard's

---

[1] Clovis Watson is also the defendant in Case No. 1:22-cv-128, in which Ballard asserts the county jail is withholding his mail deliberately to impair his ability to defend against his criminal charges.

1

numerous objections, responses, and other communications. ECF Nos. 6, 7, 8, 10, 14, 15, 17.

The magistrate judge addresses abstention, noting that Ballard is essentially challenging the state's ability to prosecute him. Ballard insists he does not want to interfere with the state's case; he merely wants compensation for the Sheriff's wrongdoing (at least in this case). *See, e.g.*, ECF No. 7 at 6. The magistrate judge also considered whether the Sheriff is entitled to Eleventh Amendment immunity,[2] and whether Ballard's claims are more properly raised in a habeas petition.

I need not reach these issues, because I have determined that the suit should be dismissed if for no other reason than that Ballard failed to accurately disclose his other litigation.[3] He says this was unintentional—that he only intended to make it clear he wasn't seeking to amend his prior suit, *see* ECF No. 6 at 2—but he stated under oath that he filed no other state or federal cases "dealing with the same facts

---

[2] The magistrate judge relied on an Alabama case to conclude that the Sheriff is immune from suit. *See* ECF No. 5 at 11 (citing *Tani v. Shelby Cnty.*, 511 F. App'x 854 (11th Cir. 2013)). That's not categorically true for Florida sheriffs. *See Freyre v. Chronister*, 910 F.3d 1371, 1381 (11th Cir. 2018) (noting Florida sheriffs are presumptively county officers but may act as an arm of the state when performing certain functions).

[3] The magistrate judge also concluded that Ballard failed to disclose one strike under the PLRA, based on Case No. 1:22-cv-8. ECF No. 5 at 14-15. But I dismissed that case because an artificial entity (there, an LLC) cannot appear pro se, ECF No. 6 (Case No. 1:22-cv-8)—not because the complaint was frivolous, malicious, or failed to state a claim, *cf.* 28 U.S.C. § 1915(g).

2

or issue involved in this case." ECF No. 1 ("Separate facts and defendant"). That was plainly false. For example, in Case 1:22-cv-2—filed months before this one—Ballard sued dozens of defendants, including Sheriff Watson, before ultimately settling—in his Fourth Amended Complaint—on an assistant state attorney and public defender, plus two officers in Sheriff Watson's office (Cail and Guzman). ECF Nos. 1, 26 (Case No. 1:22-cv-2). That case, like this one, challenged the validity of Ballard's arrest and pending prosecution. *See* ECF No. 26 at 6-7 (Case No. 1:22-cv-2) (alleging Guzman tampered with evidence and Cail knowingly omitted "key witnesses" and falsified evidence in his investigative report and "ignored major [exculpatory] evidence[]").

The clerk will enter judgment that says, "Plaintiff's claims are dismissed without prejudice for failure to disclose prior litigation." The clerk will then close the file. The report and recommendation is adopted and incorporated to the extent consistent with this order.

SO ORDERED on July 28, 2022.

s/ *Allen Winsor*
United States District Judge

3